# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| EDDIE ROLANDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-200 |
| | ) | |
| SAVANNAH CHATHAM METROPOLITAN POLICE DEPARTMENT; POLICE CHIEF WILLIE LOVETT; and DETECTIVE SAMANTHA HARLEY[1], | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Eddie Rolanda Johnson, who is currently detained in the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 civil rights complaint against the defendants. (Doc. 1.) The Court granted Johnson leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms,

---

[1] At times, Johnson spells her name as "Samatha" but at others, "Samantha." The Court will use the latter spelling.

1

so the case is ready to proceed. (Docs. 5 & 6.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

It is difficult to discern from Johnson's lengthy, rambling diatribe precisely what claims that he intends to raise against the defendants.[2] He

---

[2] Indeed, it is difficult to discern from the complaint precisely who he means to sue. Johnson names the Savannah Chatham Metropolitan Police Department, Chief Willie Lovett, and Detective Samantha Harley as defendants in the caption, but in the "Parties" section of the form complaint, he names "State of Chatham County, Georgia," Chief Lovett, Detective Harley, and "former Savannah Police Department Chief." (Doc. 1 at 1, 4.)

2

has, however, spun a fanciful yarn of conspiracy, murder, rape, and injustice spanning decades. Johnson styles himself as a victim in an ongoing conflict with the Savannah Chatham Metropolitan Police Department that started in 1990, when he first reported police officers selling drugs on the streets. (*Id.* at 7.) Sometime thereafter, his daughter was raped, but the police refused, perhaps vengefully, to investigate the crime. (*Id.*) After Johnson was harassed and beaten by the rapist and his family, the police refused to investigate *that* crime. (*Id.* at 8.) Eventually, he persuaded the mayor to have someone assigned to the case -- detective Samantha Harley. (*Id.*) Rather than helping him, Harley actually actively worked against him. Even worse, anyone who could act as a witness for him "ended up dead." (*Id.* at 9.)

Frustrated by their lack of interest, Johnson threatened police detectives, claiming that he could expose them for the murder of one of his witnesses, which prompted Detective Harley to "reopen a closed attempt[ed] rape case, and sw[ear] out a warrant for a DNA test" against Johnson.[3] (*Id.*) That test eventually led to some of the criminal charges

---

[3] According to a police department news release, DNA testing confirmed that

3

now pending against him. (*See* attach. 2.) Harley, however, never tested the "identified rape suspect Theodore McIver." (Doc. 1 at 9.)

A warrant for Johnson's arrest on those charges was not sworn out until after he contacted Congressman Jack Kingston about another event. (*Id.*) Johnson says that on June 19, 2008, he was assaulted by a group of men who broke into his home, dragged him into the street, brutalized him, and threatened his daughter. (*Id.* at 5.) He called the police, but they claimed not to have seen the escape car (apparently they were nearby) and refused to document the damage to his home or call out a forensic specialist. (*Id.* at 10.) They also refused to take the statements of witnesses attending a nearby Bible study. (*Id.*)

Instead, they insisted that Johnson needed to provide the names of the attackers. (*Id.*) When he obtained that information, the police refused to accept it. (*Id.* at 11.) Eventually, he got in touch with Congressmen Kingston, who held a conference call with Chief Willie Lovett and Detective Harley. (*Id.*) They supposedly hammered out some

---

Johnson sexually assaulted an 87-year-old woman in 2005. (*See* attach. 1; *see also* attach. 2 (docket from *State v. Johnson*, No. CR092972 (Chatham County, Ga. Super. Ct. Dec. 11, 2009)).

4

sort of an agreement that Harley would investigate the crimes against Johnson, but she later went back on that promise and "vindictively pursue[d] [his] arrest and incarceration." (*Id.*) Her efforts culminated in Johnson's warrant-based arrest. (*Id.* at 9.) Once he was arrested, he discovered that one of the perpetrators of the home invasion was housed in his unit. He asked to press charges but was denied. (*Id.* at 11.)

As relief for all of these injustices at the hands of the police department, Johnson requests millions of dollars in compensation. (*Id.* at 12.) He also asks the Court to order an "injunction . . . by an independent non party agency to investigate" the police department for corruption and unfair practices. (*Id.*) Plaintiff is advised, however, that the Court is not an investigative agency. It is Johnson's duty to investigate and prosecute his case, not the Court's.

As noted above, it is difficult to pinpoint Johnson's precise legal claims. Putting that to the side for a moment, there are several other problems that seriously hinder this suit. First, Johnson signed his complaint on July 27, 2010. Hence, any of his pre-July 27, 2008 claims are barred by the two-year limitations period applicable in § 1983 actions in

the state of Georgia. *Brown v. Lewis*, 361 F. App'x 51, 54-55 (11th Cir. 2010); *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Since the "most recent" police refusal to investigate related to an incident that occurred on June 19, 2008, many claims arising from that event, along with all others that occurred outside of the limitations period, are time barred.

Second, his claims against the Savannah Chatham Metropolitan Police Department fail as a matter of law. Police departments are not usually considered legal entities subject to suit.[4] *Dean v. Barber*, 951 F.2d

---

[4] As one court explained:

> Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E.2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County*, 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also*, Board of Road and Revenue Commissioners

1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); *see also McKinnie v. Boseman*, 2009 WL 3753989 at * 2 (S.D. Ga. Nov. 9, 2009); *Griffin v. Hillsborough County Sheriff's Dep't*, 2009 WL 4547054 at *2 (M.D. Fla. Nov. 30, 2009) (same result under Florida law).[5]

---

*of Candler County v. Collins*, 94 Ga.App. 562, 95 S.E.2d 758, 759 (1956).

*Williams v. Muscogee County Sheriff's Dep't*, 2009 WL 1457156 at * 3 (M.D. Ga. May 22, 2009); *id.* (dismissing county sheriff's department for lack of legal capacity).

[5] Moreover, his characterization of the department as a "state agency" wins him nothing. (Doc. 1 at 4.) Assuming that the police department is a state agency, his suit for damages against it is barred by Eleventh Amendment sovereign immunity absent some waiver, which Johnson has not pled. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity); *Welch v. Tex. Dep't of Highways*, 483 U.S. 468, 472-73 (1987); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent"). Since the state has neither waived sovereign immunity nor consented to be sued in federal court, any claim plaintiff may be attempting to assert against the State of Georgia is barred under the Eleventh Amendment. As such, plaintiff seeks damages against a defendant that is immune from monetary relief. Finally, § 1983 cannot reach the claim in any event, since it only permits suits against "persons." *Id.* at 67. While cities, counties, and municipalities are considered "persons" to whom Congress intended § 1983 to apply, states are not. *See id.*; *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978).

Even if Johnson intended to sue the municipalities under which the police department is organized, he has not alleged that either the county or the city had a policy that caused a government employee to commit a constitutional violation, as required to state a claim pursuant to § 1983. *Monell*, 436 U.S. at 691-692. So his claim in that regard would still fail.

Third, it is unclear what actions Chief Willie Lovett and the "former Savannah Police Department Chief" took that warrant them being named as defendants. Johnson's only reference to Lovett in the complaint regarded a conversation between Johnson, Congressman Kingston, Lovett, and Harley. Presumably, he seeks to hold them accountable for the actions of Harley and other officers that he alleges have oppressed him over the years. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 691. Since Johnson has not demonstrated that Lovett or the "former" chief directly participated in the alleged constitutional deprivations or that there is some other causal connection between their acts or omissions and the alleged constitutional deprivations, his claims against them fail. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

So, the police department and police chiefs should be dismissed from

the suit, as should any claim arising from events occurring more than two years before the filing of his complaint. The only claims that could conceivably survive, then, involve Detective Harley. Johnson suggests that she vindictively and maliciously swore out warrants against him, refused to investigate crimes against him, broke the agreement that had been hammered out with Congressman Kingston and Chief Lovett, and maliciously served the DNA warrant by sarcastically asking "questions about the . . . unfounded rape claims of [his] ex girlfriend." (Doc. 1 at 9.) None of those allegations come close to stating a claim for relief.

At bottom, plaintiff's civil claims seem to spring from the allegedly wrongful prosecution. His only conceivable claim in that regard, however, is for malicious prosecution. Yet, he fails to state a claim for relief.[6] An

---

[6] Since Johnson was arrested pursuant to a warrant, he could not raise a false arrest or imprisonment claim even if his complaint is timely. False arrest and imprisonment claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process. *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (false imprisonment ends once the victim becomes held pursuant to [legal] process); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (false arrest claims cover the time of detention up until the issuance of process or arraignment, but not more); *Whiting v. Traylor*, 85 F.3d 581, 585 n.8 (11th Cir. 1986) (same). "A cause of action for false or unlawful arrest cannot be pursued . . . when a person is arrested based on a warrant." *Norton v. Stidham*, 2009 WL 5214484 at *4 (W.D. Va. Dec. 29, 2009); *Churchill v. Whitaker*, 2005 WL 3534208 at *2 (N.D. Tex. Dec. 9, 2005) (same). Allegations that an arrest made pursuant to a defective warrant are more closely analogous to the common-law tort of malicious prosecution. *Wheeler v. Anne Arundel County*, 2009 WL

element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace*, 549 U.S. at 392, *quoting Heck*, 512 U.S. at 484. That is, "a § 1983 action seeking damages for unconstitutional conviction or confinement [pursuant to legal process] cannot be pursued unless the underlying criminal case has been dismissed or reversed in favor of the criminal defendant." *Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (emphasis added). Johnson has not yet shown that the proceedings have terminated in his favor. Hence, his claim has yet to accrue and is thus not cognizable under § 1983. *Id.* at 710 n.1 (distinguishing cases where the plaintiff was subjected to a warrantless arrest and could raise a conceivable false arrest or imprisonment claim); *see Heck*, 512 U.S. at 486-87; *Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) (applying *Heck*); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (same).[7]

---

2922877 at *7 (D. Md. Sept. 8, 2009).

[7] Moreover, any decision by this Court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Often federal courts in this situation stay the federal proceeding until the criminal case has ended. *Wallace*, 549 U.S. at 393-94; *Heck*, 512 U.S. at 487 n.8 ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the

Harley's refusal to investigate the crimes against Johnson also fails to state a claim for relief, even if it is not already time-barred. A public official or agency has no affirmative constitutional duty to a member of the public to investigate or prosecute an alleged crime. *See United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983); *see also DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens); *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683-84 (8th Cir. 1992); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984). Nor has plaintiff offered facts supporting an equal protection claim (i.e., unequal administration or enforcement of state statutes) based upon Harley's

---

parallel state-court proceedings"); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that absent a "great and immediate" danger of irreparable harm, federal courts may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding); *Gilbertson v. Albright*, 381 F.3d 965, 979 n.13 (9th Cir. 2004) (noting that every circuit that has addressed the issue, aside from the Fifth Circuit, has recognized that *Younger* principles apply "in some fashion" to damages actions); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court pursuant to *Younger* to abstain from resolving merits of petitioner's claims until state conviction reviewed by Georgia Court of Appeals). But a stay is not appropriate in this case.

failure to investigate or otherwise uphold her "agreement" with Lovett, Kingston, and Johnson. That is, he has not alleged facts showing that he is similarly situated to others who received different treatment and that the different treatment was motivated by a discriminatory purpose. *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir.1996); *E & T Realty v. Strickland*, 830 F.2d 1107, 1112-13 (11th Cir.1987).

Finally, Harley's sarcastic comments and verbal taunts simply do not rise to the level of a constitutional deprivation. *See Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) ("claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action") (*citing Paul v. Davis*, 424 U.S. 693, 701-712 (1976)); *cf., Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (teasing and taunts in prison, even where the recipient eventually commits suicide, are insufficient to state a claim for § 1983 relief).

For all of the reasons explained above, Johnson's case should be **DISMISSED WITH PREJUDICE**, and this case should count as a "strike" under 42 U.S.C. § 1983. As an additional matter, Johnson's

second motion requesting leave to proceed in forma pauperis (doc. 4) is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this __19th__ day of October, 2010.

/s/ G.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA